IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS MANUEL DIAZ,

   Plaintiff,

v.                No. 17cv252 KK

UNITED STATES OF AMERICA, et al.,

   Defendants.

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE TO NORTHERN DISTRICT OF TEXAS

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed February 21, 2017. For the reasons stated below, the Court concludes the District of New Mexico is not a proper venue for this case and **TRANSFERS** this case to the Northern District of Texas.

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges that the United States Bureau of Prisons and other Defendants violated his civil rights by denying him medical care while he was in custody. Although Plaintiff names

"RCC Albuquerque N.M.," as a defendant, the only allegation in the Complaint that mentions RCC states that Plaintiff was "given to the detention center, (Regional Correction [C]enter Albuquerque NM,-RCC during pretrial services, and the Prison, in Big Spring Texas." Complaint at 3. The Court entered judgment against Defendant on April 16, 2009. *See* Doc. 138 in *United States v. Diaz*, 07cr701. Plaintiff arrived in Big Spring, Texas, on June 19, 2009. *See* Complaint at 6. Any claims against RCC Albuquerque N.M. based on events occurring before Plaintiff's arrival in Big Spring, Texas in 2009, are barred by the statute of limitations. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

The Court concludes the District of New Mexico is not a proper venue for this case under § 1391(b), because there are no allegations that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court will transfer this case to the Northern District of Texas because the Complaint indicates that the events giving rise to this case occurred in Big Spring, Texas, which is in the Northern District of Texas.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Northern District of Texas.

*/s/ Kirtan Khalsa*
**UNITED STATES MAGISTRATE JUDGE**