IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JESUS MANUEL DIAZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:17-CV-0041-BL |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

The Court has under consideration this civil action filed by pro se Plaintiff Jesus Manuel Diaz. Upon its transfer from the District of New Mexico, this case was referred pursuant to 28 U.S.C. § 636(b) and the Amended Special Order No. 3-301 to the undersigned Magistrate Judge. Plaintiff has been granted permission to proceed with this case *in forma pauperis*. *See* Order Granting Permission to Proceed In Forma Pauperis (doc. 15). Because Plaintiff has not consented to have all further proceedings in this case conducted by a magistrate judge, the undersigned issues this report and recommendation and directs that this case be reassigned to Senior District Judge Sam R. Cummings.

## I. BACKGROUND[1]

Plaintiff was convicted in the District of New Mexico and twice attempted to challenge that conviction through collateral attack. *See United States v. Diaz*, No. 1:07-cr-00701-MCA-KBM-1 (D.N.M. 2007); *Diaz v. United States*, No. 1:12-CV-00482-LH-KBM (D.N.M. 2012) (motion to vacate under 28 U.S.C. § 2255); *Diaz v. United States*, No. 1:15-CV-00778-MCA-LAM (D.N.M.

---

[1] The factual background is either uncontested or viewed in a light most favorable to Plaintiffs in accordance with the applicable standard for considering motions to dismiss.

2015) (petition under 28 U.S.C. § 2241). In February 2017, Jesus–Manuel :Diaz TTEE for JESUS MANUEL DIAZ PEREZ TRUST made identical filings in the criminal and § 2255 actions, which were docketed as judicial notifications. Because the judicial notifications appeared to allege constitutional deprivations of medical care, the District of New Mexico recharacterized the pro se judicial notifications as a civil rights complaint and directed the opening of a new civil case with Jesus Manuel Diaz as the Plaintiff and the United States of America as the Defendant.

The two notifications comprise the original civil complaint in this action. *See* Doc. 1. After Plaintiff moved to proceed *in forma pauperis*, *see* Application to Proceed in District Court Without Prepaying Fees or Costs (doc. 4), the District of New Mexico transferred the action to this Court, *see* Mem. Op. & Order (doc 5). In that opinion, the court noted that any possible claim that occurred in New Mexico would be barred by the applicable statute of limitations and that the claims apparently giving rise to the litigation thus occurred in Big Springs, Texas, which is in the Northern District of Texas, Abilene Division. *Id.* at 1-2.

The New Mexico court exercised its discretion to construe Plaintiff's filing as a civil complaint. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (recognizing that federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion to place it within a different legal category"). Because even a pro se party must comply with applicable procedural rules, *see, e.g., Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2016 WL 3361528, at *6 (N.D. Tex. Feb. 24, 2016); *Walker v. Colvin*, No. 7:12-CV-00215-O-BL, 2013 WL 3972390, at *1 (N.D. Tex. Aug. 2, 2013) (accepting recommendation of Mag. J.); N.D. Tex. L.R. 83.14, this Court directed Plaintiff to file an amended complaint to correct procedural deficiencies.

Plaintiff timely filed an amended complaint (doc. 14) naming eight defendants in this action:

(1) Federal Bureau of Prisons; (2) The Geo Group, Inc. (three spellings); (3) Cornell Corrections of Texas, Inc.; (4) Senior Warden Dwight Sims of Big Springs Correctional Centers; (5) Warden Jason E. Jones of Flight Line Unit at, Big Springs; (6) Facility Administrator Steve McKinley; (7) Dr. Michael Deed; and (8) G. Balinao HSA. He does not list the United States as a defendant. He also provided an affidavit and numerous exhibits with his amended complaint.

In his statement of claim, Plaintiff makes broad claims of deliberate indifference to obvious serious medical needs and wanton disregard for serious medical needs due to lack of ordinary care. He claims that throughout the Federal Bureau of Prisons, The Geo Group Inc. and Flight Line Unit refuse to provide adequate medical care. He claims that staff became aware of his condition on June 19, 2009, when he arrived at the Big Spring facility, but he was denied a specialist for his back condition. He further claims that he was forced to work for years with his condition until March 12, 2014, when he was finally classified as disabled to work. Based upon his amended complaint, his claims relate to acts and failures to act that occurred between his arrival in 2009 and March 2014. As relief in this action, Plaintiff seeks monetary damages. The Court has withheld service of process pending screening of this action as contemplated by 28 U.S.C. § 1915(e)(2).

Plaintiff pursued a prior action asserting "various claims against various prison guards and administrators at the Big Spring Correctional Institution—Flightline Unit (Flightline) in Big Spring, Texas." *See Diaz v. Fed. Bureau of Prisons*, No. 1:14-CV-200-BL, 2015 WL 10459592, at *1 (N.D. Tex. Oct. 9, 2015) (recommendation of Mag. J.) *adopted by* 2016 WL 1060310 (N.D. Tex. Mar. 11, 2016). Based on testimony from Plaintiff, the prior action was limited to the following claims against the following defendants: (1) access to courts and retaliation claims against Corrections Officer Barker stemming from events on November 25, 2014, and February 12, 2015; (2) claims

against two chairpersons of the Unit Disciplinary Committee related to a false statement by Barker; (3) "claims that Defendant McKinley denied his request for an orthopedic mattress, refused to let Plaintiff take fruit out of the kitchen, and refused to let Plaintiff have sack lunches"; (4) similar claims of deliberate indifference to a serious medical need against Warden Sims; (5) a claim against Captain Cruz related to a roommate situation at Flightline; (6) a claim against an unnamed Captain related to legal papers and being kneed in the back. *See id.* at *1-5. The Court dismissed the prior action as frivolous or malicious pursuant to § 1915(e)(2) and § 1915A. *Id.* at *6.

The undersigned now conducts the preliminary screening of this action under § 1915(e)(2).

## II. PRELIMINARY SCREENING

Plaintiff proceeds with this case *in forma pauperis* ("IFP"). Therefore, this action is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). This section provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court may find a claim frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law, furthermore, when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact, when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted, on the other hand, when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Moreover, the Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). The malicious or duplicative nature of the case is not changed simply by naming a different defendant or asserting a new claim that arises out of the same allegations of the prior action. *See Bailey*, 846 F.2d at 1021 (different defendant); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) (new claim). A court may properly dismiss such a malicious or duplicative case in both scenarios. *See Bailey*, 846 F.2d at 1021 (different defendant); *Potts*, 354 F. App'x at 71 (new claim).

In this case, Plaintiff asserts the same or similar deliberate indifference claims that he asserted in his prior action, perhaps adds a new twist to those claims in that he claims that he should have been referred to a medical specialist,[2] and names some new defendants. However, the new twist on his prior claim arises out of the same facts and circumstances as his prior action and there is no apparent reason Plaintiff could not have pursued the claims against the present defendants in his previous action. Consequently, this action should be dismissed as malicious. *See Bailey*, 846

---

[2]This twist appears to be a mere disagreement with medical treatment that does not constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Pursuit of further treatment or additional diagnostic techniques are matters of medical judgment that do not "represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

5

F.2d at 1021; *Potts*, 354 F. App'x at 71.

## III. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Id.* Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

It is recommended that the Court dismiss this action without leave to amend. Plaintiff has already amended his complaint once and this action essentially duplicates his prior action against some of the same defendants. Plaintiff has pled his best case.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of the recommended dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 17 day of November, 2017.**

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**